UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| KENTUCKY STATE DISTRICT COUNCIL OF CARPENTERS PENSION TRUST FUND, on Behalf of Itself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>ROBERT J. MYERS, et al.,<br><br>      Defendants. | Case No. 4:10-cv-00332-JAJ-TJS<br><br><u>CLASS ACTION</u> |

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND

577857_1

## I. INTRODUCTION

Defendants' Resistance to planitiff's Motion for Leave to Amend ("Resistance") is a frivolous opposition that ignores the only basis upon which planitiff seeks leave to amend: the routine addition of 32 entities that now hold notes pursuant to Casey's Note Purchase Agreement dated August 9, 2010 (the "Note Holders"). Defendants' Resistance does not even attempt to argue, and thus tacitly concedes, that the addition of the Note Holders is appropriate. For this reason alone, leave to amend should be granted.

Unable to contest the Note Holders' addition to this litigation, defendants instead use the Resistance to attack the allegations in the properly filed, already operative, First Amended Complaint; in essence a procedurally improper motion to dismiss. But even these arguments are without merit. First, plaintiff alleges a direct breach of fiduciary duty claim, as well as federal disclosure claims, and because such claims are not derivative in nature, a pre-lawsuit demand on the board is unnecessary. Second, Iowa's "constituency statutes" do not absolve defendants from liability when they attempt to deny plaintiff's inalienable right to vote for new directors. For the reasons stated herein, plaintiff's routine motion for leave should be granted to permit plaintiff to add the Note Holders to this litigation.

## II. PROCEDURAL TIMELINE

- On August 10, 2010, Casey's filed a Note Purchase Agreement with the SEC that contained the "Poison Put" provision. ***Until this date, defendants had withheld the Poison Put provision from public knowledge.***

- On August 20, 2010, plaintiff quickly filed a First Amended Petition and added: (1) claims under §§14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") and SEC Rule 14a-9; and (2) allegations based on the Poison Put provision. *See* Docket Entry No. 20. ***This amendment was permitted as a matter of right and defendants do not dispute that it is properly before this Court***.

- On August 30, 2010, planitiff sought leave to Amend/Correct the First Amended Petition through this Motion, attaching the Second Amended Petition at Law. *See* Docket Entry

No. 24.  *Notably, the proposed Second Amended Petition at Law adds no new causes of action against defendants – it only adds the 32 Note Holders as parties and adds a cause of action against the Note Holders*.

- On September 3, 2010, defendants filed the Resistance, wherein defendants *do not contest the addition of the 32 Note Holders as parties*.  See Docket Entry No. 29.

## III.  ARGUMENT

### A.  Defendants Do Not Contend That Addition of the 32 Note Holders Is Futile or Will Cause Prejudice to Any Party, Thus, Leave to Amend Should Be Granted

Absent prejudice to the opposing party or obvious futility of the proposed amendment, "it is well-settled that delay alone is not a sufficient reason for denying leave" under Rule 15(a).  *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981).[1]  Defendants make the extraordinary – and baseless – argument that planitiff is guilty of "unreasonable delay" when planitiff filed this Motion and Second Amended Petition just *ten days* after filing the First Amended Petition.  Not surprisingly, defendants cannot cite to a single case in support, especially where the Eight Circuit routinely permits amendments years into litigation.  *See, e.g.*, *Buder*, 644 F.2d at 694-95 (reversing district court that denied leave to amend when a plaintiff tactically chose to delay assertion of a claim for *two-and-a-half-years*).  In light of this precedent, defendants do not even attempt to argue that they will be prejudiced by the addition of the Note Holders and, to the contrary, defendants admit the Note Holders are "necessary parties" to the already-operative First Amended Petition.  Resistance at 7 n.3.

On the other hand, defendants' case law is either inapposite or actually *supports* a grant of leave to amend in these circumstances.  For example, in *Brown v. Kerkhoff*, 504 F. Supp. 2d 464,

---

[1]  Unless otherwise noted, all emphasis is added and citations and footnotes are omitted.

547 (S.D. Iowa 2007), the court permitted the plaintiff to add additional parties as defendants, just as planitiff seeks here. And in *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715-16 (8th Cir. 2008), because a defendant attempted to file an *amended answer* "well after the Rule 16 scheduling deadline for amending the pleadings" had expired, "the more liberal standard of Rule 15(a)" did not apply. *Id*. at 714-16.[2]

In short, defendants fail to address the lone ground on which leave to amend is sought: the addition of the Note Holders. Because defendants cannot dispute that the addition of the Note Holders is appropriate, leave to amend is warranted for this reason alone.

### B. The Second Amended Petition and the Underlying First Amended Petition Both Contain Viable Claims for Relief

#### 1. No "Demand on the Board" Is Required Here

The Southern District of Iowa has noted that "actions for the deprivation of voting rights" are typically classified as individual claims and need not be brought derivatively. *See C Plus Northwest, Inc. v. DeGroot*, 534 F. Supp. 2d 937, 942 (S.D. Iowa 2008) (quoting treatise). Leading commentators agree. *See* 5-23.1 *Moore's Federal Practice -* Civil § 23.1.02 (2010) ("The following are examples of claims that may be properly brought *only* as a direct action: . . . claims to prevent the dilution of, or interference with, voting rights . . . .").[3] Similarly, Delaware courts have

---

[2]  Likewise, in *Civco Medical Instruments Co. v. Protek Medical Prods.*, 231 F.R.D. 555 (S.D. Iowa 2005) a defendant moved to amend its answer and counterclaim after the plaintiff had already dismissed the underlying lawsuit – the court denied the motion for leave because an "actual case or controversy" no longer existed. Also, in *United States ex rel. v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 558 (8th Cir. 2006) the proposed amendment was obviously futile because it was file *nine years* after the initial claim accrued, despite a six-year statute of limitations. The **nine-year delay** is, of course, a far cry from the **ten-day** period between pleadings here.

[3]  Again, defendant's own case law undercuts their arguments. Citing Delaware law, the court in *Kelly v. Englehart Corp.*, No. 1-241/99-1807, 2001 Iowa App. LEXIS 500, at *30 (Iowa Ct. App. July 31, 2001) held that "suits directly attacking the fairness or validity of a merger are direct." *Id.*

- 3 -

explained that "[b]ecause the right to vote is a contractual right and an attribute of the [plaintiff's] shares, the claimed wrongful interference with that right states an individual cause of action." *Carmody v. Toll Bros.*, 723 A.2d 1180, 1188-89 (Del. Ch. 1998). In addition, the only case to consider a "poison put" provision similar to the one at issue here allowed the case to proceed as a class action, rather than a derivative claim. *See San Antonio Fire & Police Pension Fund v. Amylin Pharms., Inc.,* 983 A.2d 304, 310 (Del. Ch. 2009). Here, planitiff has alleged that it was disenfranchised by the "poison put" provision and because such claims are individual/direct in nature, a pre-lawsuit demand on the board is not required.[4]

### 2. Iowa's Constituency Statues Cannot Absolve the Directors from Liability for Preventing Shareholders the Right to Vote for a New Slate of Directors

Without citing a single case in support, defendants claim that Iowa's "constituency statutes" give a free pass to directors for any and all breaches of fiduciary duty, no matter how egregious. However, federal courts have rejected this very argument in similar circumstances. The District of Massachusetts, for example, has held that a board's postponement of an annual meting to prevent a hostile, all-cash tender offer and contemporaneous proxy solicitation was invalid because, in part, "the stockholder cannot be deprived of the right to vote his or her stock nor may [that] right be essentially impaired, ***either by the legislature or by the corporation***, without his or her consent, through amending the charter, or by by-law." *See ER Holdings, Inc. v. Norton Co.*, 735 F. Supp. 1094, 1101 n.9 (D. Mass. 1990). The court explicitly rejected the defendant board's argument that a Massachusetts constituency statute absolved it from liability, holding: "***Nor can the public interest,***

---

[4] In any event, even if the breach of fiduciary duty claim were derivative in nature, and it is not, plaintiff has alleged federal disclosure claims in the pre-exiting First Amended Petition in Counts I and II. Because they are federal proxy claims brought in connection with a merger, these claims are also direct. *See, e.g.*, *Stahl v. Gibraltar Fin. Corp.*, 967 F.2d 335, 338 (9th Cir. 1992).

*including the statutory constituencies relied on by [the defendant board members], defeat [the plaintiff shareholders'] right. The public can have no legitimate interest in the abrogation of contract rights conferred upon [corporate] shareholders such as [the plaintiff].*" *Id.* at 1103. Likewise here, Iowa's constituency statutes do not give defendants a free pass to entrench themselves in power by denying planitiff the fundamental right to vote its numerous shares in favor of an alternate slate of directors.

## IV. CONCLUSION

For the reasons stated above, planitiff respectfully requests this Motion is granted in its entirety.

Respectfully submitted,

DATED: September 7, 2010

| | |
|---|---|
| ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>DARREN J. ROBBINS<br>DAVID T. WISSBROECKER | ROBBINS UMEDA LLP<br>BRIAN J. ROBBINS<br>STEPHEN J. ODDO<br>REBECCA A. PATERSON<br>600 B Street, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619/525-3990<br>619/525-3991 (fax) |
|       s/ David T. Wissbroecker<br>    DAVID T. WISSBROECKER | |
| 655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619/231-1058<br>619/231-7423 (fax) | WANDRO, BAER & McCARTHY, P.C.<br>STEVEN P. WANDRO<br>KARA M. SIMONS<br>2501 Grand Avenue<br>Des Moines, IA  50312<br>Telephone:  515/281-1475<br>515/281-1474 (fax) |

Attorneys for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 7, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 7, 2010.

                                                s/ David T. Wissbroecker
                                                DAVID T. WISSBROECKER

                                                ROBBINS GELLER RUDMAN
                                                     & DOWD LLP
                                                655 West Broadway, Suite 1900
                                                San Diego, CA  92101-3301
                                                Telephone:  619/231-1058
                                                619/231-7423 (fax)

                                                E-mail:       DWissbroecker@rgrdlaw.com

# Mailing Information for a Case 4:10-cv-00332-JAJ -CFB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Randall J. Baron**
  randyb@rgrdlaw.com,jaimem@rgrdlaw.com

- **Robert H Baron**
  rbaron@cravath.com,mao@cravath.com

- **J Wesley Earnhardt**
  wearnhardt@cravath.com,mao@cravath.com

- **Stephen J. Oddo**
  soddo@robbinsumeda.com,notice@robbinsumeda.com

- **Michael A Paskin**
  mpaskin@cravath.com

- **Rebecca A. Peterson**
  rpeterson@robbinsumeda.com,notice@robbinsumeda.com

- **Edward W Remsburg**
  eremsbur@ahlerslaw.com,cbarnett@ahlerslaw.com,awachuta@ahlerslaw.com

- **Steven P Wandro**
  swandro@2501grand.com,ksimons@2501grand.com,bhick@2501grand.com

- **David T. Wissbroecker**
  dwissbroecker@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)